United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL G. ANTE,<br><br>    Plaintiff,<br><br>  v.<br><br>OFFICE DEPOT, INC.; BLACK CORPORATION; and WHITE COMPANY; and DOES 1 through 100 inclusive, and each of them,<br><br>    Defendants.<br>                                            / | No. C 09-00752 WHA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND VACATING HEARING** |

**INTRODUCTION**

In this California Fair Employment and Housing Act case, defendant Office Depot moves to dismiss. For the following reasons, defendant's motion is **GRANTED**. The hearing scheduled for April 23, 2009, is hereby **VACATED**.[1]

**STATEMENT**

Plaintiff Earl Ante worked at Office Depot, Inc., as a sales representative. In that position, he was assigned to provide the City of Berkeley with office supplies according to a contract at specified prices.

One day, while in his manager's office, after overhearing that Berkeley was going to audit the contract, plaintiff was instructed to alter data on his computer to conceal the contract

---

[1] Defendant Office Depot, Inc., was erroneously sued as Office Depot Business Services. This order understands "Black Corporation" and "White Company" to be "Doe" defendants; neither have made an appearance in this case.

1 items and pricing. Believing that doing so constituted fraud, plaintiff refused to follow his
2 manager's order. Shortly, thereafter, he was "laid off."

3 Plaintiff then filed a complaint with the California Department of Fair Employment and
4 Housing, claiming that he was fired for refusing to participate in allegedly fraudulent conduct.
5 He requested that the department issue him a right-to-sue notice so he could sue in court. The
6 department did so, he did so, and the case was removed here.

7 This order now addresses defendant's motion to dismiss for failure to state a claim.

**ANALYSIS**

9 **1. FEHA.**

10 Plaintiff's first FEHA claim is that he was fired for refusing to comply with an order to
11 conceal pricing and item information on the Berkeley contract. Plaintiff asserts a "civil right"
12 to refuse to comply with an instruction from his employer to commit an unlawful act. Without
13 deciding whether *any* such "civil right" exists, for purposes of plaintiff's first claim, plaintiff
14 fails to state a claim *under FEHA*. That statute makes it unlawful for an employer to refuse to
15 hire a person or to discharge a person from employment on the basis of "race, religious creed,
16 color, national origin, ancestry, physical disability, mental disability, medical condition, marital
17 status, sex, age, or sexual orientation." Cal. Gov. Code § 12940(a). The basis upon which
18 plaintiff alleges he was fired is not one of those enumerated in the statute. Plaintiff's first claim,
19 therefore, is **DISMISSED**.

20 **2. PUBLIC POLICY.**

21 Plaintiff's second claim is that defendant discharged him in violation of the fundamental
22 public policy that an employer may not retaliate against an employee who refuses to engage in
23 unlawful conduct. He cites *only* FEHA, however, as establishing such a policy.

24 In *Tameny v. Atlantic Richfield,* 27 Cal. 3d 167 (Cal. 1980), the Supreme Court of
25 California established the common-law tort of wrongful discharge in violation of public policy.
26 In *Tameny*, an employer discharged an employee because of the employee's refusal to
27 participate in an illegal price-fixing scheme. The lower court sustained the employer
28 defendant's demurrer finding no cause of action for discharging the at-will employee. In

1 reversing, the Supreme Court of California held that, "[W]hen an employer's discharge of an
2 employee violates fundamental principles of public policy, the discharged employee may
3 maintain a tort action and recover damages traditionally available in such actions." *Id.* at 170.
4 The decision categorized this common-law tort as one of "wrongful discharge" of an employee
5 that "contravenes public policy." *Id.* at 177–78. Crucial to its decision, however, was the fact
6 that the complaint identified a statute that would be violated if the plaintiff complied with his
7 employer's order. *Id.* at 170. Subsequent decisions have required no less.

In *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238 (Cal. 1994), an employee alleged wrongful discharge in violation of public policy against his employer. In the complaint, the employee referred to some violations of unspecified federal "Alcohol, Firearms, and Tobacco laws" as a basis for his *Tameny* claim. *Id.* at 1257. The Supreme Court of California directed summary judgment for the employer because of the plaintiff's "failure to identify a statutory or constitutional policy that would be thwarted by his alleged discharge." *Ibid.*

Later, in *Stevenson v. Superior Court*, 16 Cal. 4th 880 (Cal. 1997), the Supreme Court of California articulated a four-part test for determining whether a *particular* public policy could support a wrongful-discharge claim. The policy had to be:

> (1) delineated in either constitutional or statutory provisions; (2) "public" in the sense that it "inures to the benefit of the public" rather than serving merely the interests of the individual; (3) well established at the time of the discharge; and (4) substantial and fundamental.

*Id.* at 894.

Here, the pleading and even the briefing fail to even point to any statute or any other source that delineates the public policy that plaintiff claims defendant violated. The complaint alleges *only* a violation of the public policy of the state of California as *set forth in FEHA*. That statute, however, does not apply to plaintiff's claim, as noted above. Its application is limited, as stated, to those situations in which an employer bases its decision to hire or fire an individual because of that individual's race, sex, religious creed, among other enumerated classifications. Cal. Gov. Code § 12940. Plaintiff has not identified a "statutory or constitutional policy that

3

would be thwarted" by defendant's conduct. *Turner* at 1257. His second claim, therefore, must also be **DISMISSED**.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **GRANTED**. The hearing scheduled for April 23, 2009, is hereby **VACATED**. Plaintiff may move for leave to amend the dismissed claims by **MAY 4, 2009, AT NOON**. Any such motion should be accompanied by a proposed pleading and should explain why the foregoing problems are overcome by the proposed pleading. Plaintiff must plead his best case. Failing such a motion, all inadequately pled claims will be dismissed without further leave to amend.

**IT IS SO ORDERED.**

Dated: April 20, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE