1  JEFFER MANGELS BUTLER & MARMARO LLP
   Martin H. Orlick  (Bar No. 83908)
2  morlick@jmbm.com
   Two Embarcadero Center, Fifth Floor
3  San Francisco, CA 94111
   Tel:    (415) 398-8080
4  Fax:    (415) 398-5584

5  JEFFER MANGELS BUTLER & MARMARO LLP
   Louise Ann Fernandez  (Bar No. 86263)
6  lfernandez@jmbm.com
   1900 Avenue of the Stars, 7th Floor
7  Los Angeles, CA 90067
   Tel:    (310) 203-8080
8  Fax:    (310) 203-0567

9  WILLIAMS & CONNOLLY LLP (Of Counsel)
   Daniel F. Katz (Pro Hac Vice)
10 dkatz@wc.com
   David S. Kurtzer-Ellenbogen (Pro Hac Vice)
11 dkurtzer@wc.com
   725 12th Street NW
12 Washington, DC 20005
   Tel:    (202) 434-5000
13 Fax:    (202) 434-5029

14 *Attorneys for Defendant Office Depot, Inc.*

15

16

17

18

19                    UNITED STATES DISTRICT COURT
20          FOR THE NORTHERN DISTRICT OF CALIFORNIA
21                     SAN FRANCISCO DIVISION

22
   Earl G. Ante,                        )  Case No.  CV09-00752 WHA
23              Plaintiff,              )
                                        )  DEFENDANT OFFICE DEPOT, INC.'S
24        vs.                           )  RESPONSE TO MOTION TO
                                        )  WITHDRAW BY JOHN B. MCMORROW
25 Office Depot Business Services, a    )
   Corporation; Black Corporation; White )
26 Company; and Does 1-100,             )  Complaint filed:   January 15, 2009
                                        )  Trial Date:        May 10, 2010
27              Defendants.             )
                                        )
28 _____ )

                                    - 1 -          CV09-00752 WHA
                                                   Response to Motion to Withdraw

1    Defendant Office Depot, Inc. ("Office Depot") (erroneously sued as Office Depot

2   Business Services, a Corporation), by and through counsel, respectfully submits the following

3   Response to Motion to Withdraw by John B. McMorrow of John B. McMorrow, A Professional

4   Corporation As Counsel For Plaintiff Herein ("Motion"), Docket No. 60:

5    Office Depot takes no position as to Mr. McMorrow's withdrawal from his representation

6   of Plaintiff Earl G. Ante in this litigation.  Office Depot respectfully requests, however, that the

7   Court expedite consideration of Mr. McMorrow's Motion from the December 17, 2009 hearing

8   date in the Notice of Motion to the earliest possible date, so that the case may proceed.  Office

9   Depot further respectfully requests that the Court issue an order compelling the resumed

10   deposition of Mr. Ante to take place by December 20, 2009, and instructing that the depositions

11   of two witnesses employed by the City of Berkeley take place on December 8 and 9, 2009.

12                                    **RESPONSE**

13    Mr. Ante is a former Account Manager for Office Depot.  Among his responsibilities in

14   that position was to manage the City of Berkeley's office supply account with Office Depot.

15   Office Depot laid off Mr. Ante, together with a number of other employees, in a routine

16   reduction in force in November 2008.  In January 2009, Mr. Ante sued Office Depot, claiming

17   that he was terminated in retaliation for refusing to participate in a fraud upon the City of

18   Berkeley.  Mr. Ante specifically alleges that "[u]nknown to [him], . . . the City of Berkeley was

19   being charged higher prices than called for under the [contract] negotiated between Defendant

20   and the City of Berkeley."  First Amended Complaint, Docket No. 51 at 3.  Mr. Ante alleges that

21   when the City of Berkeley determined to audit the contract, his manager instructed him to

22   engage in fraud, he refused, and was laid off as a result.  *Id.* at 3-4.

23    The trouble for Mr. Ante is that at his deposition on September 30, 2009, and faced with

24   documentary evidence squarely disproving his allegations, Mr. Ante admitted under oath that in

25   fact he himself submitted contract documents to the City of Berkeley calling for one pricing plan

26   and then sent an instruction to Office Depot's contract maintenance personnel to place the City

27   of Berkeley on a completely different plan—one which resulted in higher prices for the

28   customer.  The parties agreed to end the day without concluding the deposition, and agreed to

1    resume Mr. Ante's deposition at a later date.  Office Depot noticed the resumption of Mr. Ante's
2    deposition for November 12, 2009, a date coordinated with Mr. McMorrow.

3          Following Mr. Ante's deposition, the parties engaged in substantive settlement talks, but
4    a settlement was not consummated.  In mid-October, Mr. McMorrow advised counsel for Office
5    Depot that if the settlement did not finalize, he anticipated seeking leave to withdraw from the
6    case.  On October 23, 2009, Mr. McMorrow informed counsel for Office Depot that he
7    definitively intended to seek leave to withdraw.  Mr. McMorrow also requested that Office
8    Depot agree to defer the resumption of Mr. Ante's deposition, scheduled for November 12,
9    2009, to a date following his successful withdrawal from the representation.  Mr. McMorrow
10   ultimately filed his Motion seeking leave to withdraw on November 6, 2009, and set hearing for
11   that Motion for December 17, 2009.  Office Depot takes no position as to whether or not Mr.
12   McMorrow should be granted leave to withdraw from representing Mr. Ante in this case.
13   However, Office Depot has a strong interest in swiftly proceeding with discovery, given the
14   schedule cut-off of January 28, 2009.  Office Depot therefore respectfully requests that the Court
15   take this Motion under expedited consideration, rather than waiting until its hearing on
16   December 17, 2009.

17         Mr. McMorrow asked that Office Depot, as a professional courtesy to him, withdraw its
18   Notice of Deposition for Mr. Ante.  Prior to Mr. McMorrow's filing of this Motion, Office
19   Depot had declined to reschedule Mr. Ante's deposition.  On November 2, 2009, Mr.
20   McMorrow wrote counsel for Office Depot that "I have no assurance that Mr. Ante intends to
21   appear for his deposition," *see* Exhibit 1 at 1 (Nov. 2, 2009 letter from J. McMorrow to D.
22   Kurtzer-Ellenbogen).  Today, on November 9, 2009, Mr. McMorrow informed undersigned
23   counsel by voicemail that he had received a fax from his client stating that Mr. Ante "will not be
24   available to attend the deposition," a deposition which was coordinated with Mr. Ante's counsel
25   and which was properly noticed.  Now that the issue of Mr. McMorrow's withdrawal is before
26   the Court, Office Depot has agreed to Mr. McMorrow's request to take Mr. Ante's deposition
27   off the calendar for November 12, 2009 and has accordingly served a Notice of Cancellation.
28   However, given the above communications from Mr. Ante and Mr. McMorrow, Office Depot

CV09-00752 WHA
                                              Response to Motion to Withdraw

1  respectfully requests that the Court issue an order compelling Mr. Ante to attend his resumed

2  deposition, and instructing that such deposition take place no later than December 20, 2009.

3       Office Depot also advises the Court that it has, without success, attempted multiple times

4  to coordinate with Mr. McMorrow the depositions of two witnesses from the City of Berkeley

5  for December 8 and 9, 2009.  Office Depot proposed those dates after confirming the

6  availability of those witnesses with counsel for the City of Berkeley.  *See* Exhibit 2 (Oct. 28,

7  2009 email correspondence between M. Woo and D. Kurtzer-Ellenbogen).  In declining to

8  coordinate on scheduling, Mr. McMorrow told Office Depot that "I cannot advise you as to

9  whether or not the dates for the December depositions that you seek to schedule are good dates

10  and certainly I hope to be out of the case by that time given what has developed."  Exhibit 1 at 2.

11  Since Mr. McMorrow scheduled hearing on his Motion to Withdraw for December 17, 2009,

12  Office Depot is uncertain what to make of Mr. McMorrow's unwillingness to coordinate with

13  respect to earlier deposition dates.  Office Depot respectfully requests that the Court order these

14  two depositions (of Sharon Thygesen and Lynn Blankenship) to proceed on the dates agreed

15  upon by Office Depot, the City of Berkeley, and the witnesses themselves—December 8, 2009

16  for Ms. Thygesen and December 9, 2009 for Ms. Blankenship.

17  DATED:  November 9, 2009        WILLIAMS & CONNOLLY LLP

18                                   By: /s/     David S. Kurtzer-Ellenbogen
                                         DAVID S. KURTZER-ELLENBOGEN
19

20                                   *Attorney for Defendant Office Depot, Inc.* (erroneously
                                     sued as Office Depot Business Services, a Corporation)

21  DATED:  November 9, 2009        JEFFER, MANGELS, BUTLER & MARMARO LLP

22

23                                   By: /s/     Martin H. Orlick
                                         MARTIN H. ORLICK
24

25                                   *Attorney for Defendant Office Depot, Inc.* (erroneously
                                     sued as Office Depot Business Services, a Corporation)

26

27

28

CV09-00752 WHA
Response to Motion to Withdraw

# EXHIBIT 1

Law Offices of
## JOHN B. McMORROW
A PROFESSIONAL CORPORATION
One Fremont Place
39650 Liberty Street, Suite 250
Fremont CA 94538-2226

John B. McMorrow, A.P.C.
(510) 651-9961

Facsimile:  (510) 657-3467

November 2, 2009

**VIA EMAIL (Dkurtzer@wc.com) ONLY**
David S. Kurtzer-Ellenbogen, Esq.
Law Offices Williams & Connolly, LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Re:     <u>Earl G. Ante vs. Office Depot Business Services, et al.</u>
        Northern District of California, San Francisco Division Case No.: CV 09-00752 WHA

Dear Mr. Kurtzer-Ellenbogen:

This will serve to confirm the substance of our telephone conversation of today's date.

There has been a complete break down of the Attorney-Client relationship between my office and my client. He is not communicating with me. He has asked for a complete copy of the file, which has been provided to him. I do not know, but I assume he may have wanted to get a second opinion.

In any event, I cannot imagine any competent employment lawyer giving him any advice different than what I have given him. I have prepared a Motion to Withdraw and it is in transcription. I will get it on calendar as soon as possible.

At this point, I have no assurance that Mr. Ante intends to appear for his deposition on November 12, 2009. I have asked that you consider continuing it. I have not had any communication from Mr. Ante since the week before last. Telephone calls to his home or cell phone have not been returned. Mr. Ante has told me that he will sign a Substitution of Attorney and one has been sent to him. If it has been signed, it has not yet been returned.

David S. Kurtzer-Ellenbogen, Esq.
Law Offices Williams & Connolly, LLP
Page Two
November 2, 2009

     I cannot advise you as to whether or not the dates for the December depositions that you seek to schedule are good dates and certainly I hope to be out of the case by that time given what has developed.

     I hope to have the Motion on file by the middle of the week.

Very truly yours,

John B. McMorrow

JBM\ll

# EXHIBIT 2

| From: | Kurtzer-Ellenbogen, David |
|---|---|
| To: | Woo, Michael; |
| Subject: | RE: Depo availability for Thygesen and Blankenship |
| Date: | Wednesday, October 28, 2009 3:05:46 PM |

Michael --

Thanks very much for the quick response.  I'd like to propose Tuesday 12/8 for
Sharon and Wednesday 12/9 for Lynn as tentative dates (looks to me like neither
has a conflict on those two dates) assuming production of City of Berkeley's
documents as discussed on or before 11/13.  Let me check with opposing
counsel and get back to you as soon as I can.  Appreciate the follow-up --
certainly don't hesitate to call or email if you have any questions or concerns.

Regards -- David

**From:** Woo, Michael [mailto:MWoo@ci.berkeley.ca.us]
**Sent:** Wed 10/28/2009 2:49 PM
**To:** Kurtzer-Ellenbogen, David
**Subject:** Depo availability for Thygesen and Blankenship

David, both Sharon and Lynn  are available during the 1st two weeks in Dec.
except for the following :

Tuesday & Thursday after 1:30 – Lynn

Dec 3 from 12 – 3 – Sharon

Dec 4 from 8 – 12 –Sharon

Dec 7 from 10 – 1:30 – Sharon

Dec 9 from 8 – 12 – Sharon

Dec 10 from 1 – 2:30 – Sharon

Dec 11 from 8 – 1:30 – Sharon

Sharon's normal hours 8:30 – 5:30

Lynn's normal hours 6:00 – 3:00

Michael

Michael K. Woo

Deputy City Attorney

City of Berkeley

2180 Milvia Street, 4th Floor

Berkeley, CA 94704

Tel:  (510) 981-6990

Fax: (510) 981-6960

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO**

3

      I am employed in the City and County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

4

5

      On November 9, 2009 I served the document(s) described as

6

**Defendant Office Depot, Inc.'s Response to Motion to Withdraw by John B. McMorrow;**

7

8

      in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

9

John B. McMorrow, Esq.
Law Offices of  John B. McMorrow, A.P.C.
3950 Liberty Street, Suite 250
Fremont, CA  94538

10

11

12

☐    (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13

14

15

☒    (BY EMAIL) I electronically filed such document using the ("CM/ECF") system which will send a Notice of Electronic Filing to CM/ECF participants.

16

17

Executed on November 9, 2009 at San Francisco, California.

18

      I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

19

☒    (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

20

21

22

Angela Pereira

23

24

25

26

27

28

PRINTED ON

RECYCLED PAPER

865016v1

JMBM | Jeffer Mangels Butler & Marmaro LLP